*E-FILED 06-14-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARTHUR DEANS,<br><br>    Plaintiff,<br>  v.<br><br>COUNTY OF SANTA CRUZ; PHIL WOWAK; STEVE ROBBINS; and DOES 1 TO 50,<br><br>    Defendants.<br>_____/ | No. C11-00750 HRL<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW**<br><br>**[Docket No. 9]** |

      Plaintiff's attorney, S. Colin Brown, moves for permission to withdraw as counsel of record. The motion is unopposed. This court deems the matter appropriate for determination without oral argument, and the June 21, 2011 hearing is vacated. CIV. L.R. 7-1(b). Having considered the moving papers, the motion to withdraw is granted.

      "Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." CIV. L.R. 11-5(a). "In the Northern District of California, the conduct of counsel is governed by the standards of professional conduct required of members of the State Bar of California, including the Rules of Professional Conduct of the State Bar of California." Hill Design Group v. Wang, No. C04-521 JF (RS), 2006 WL 3591206 at *4 (N.D. Cal., Dec. 11, 2006) (citing Elan Transdermal Limited v. Cygnus Therapeutic Systems, 809 F. Supp. 1383, 1387 (N.D. Cal.1992)). Those standards provide that an attorney may seek permission to

1  withdraw if, among other things, the client breaches an agreement or obligation to the attorney
2  with respect to payment of expenses or fees, or if the client's conduct renders it unreasonably
3  difficult for the attorney to represent the client effectively.  Id. (citing Cal. Rules of Professional
4  Conduct Rule 3-700(C)(1)(d), (f)).

5  Based upon all the papers filed, Mr. Brown will be permitted to withdraw.  The record
6  presented indicates that, just prior to the removal of this action, plaintiff Arthur Deans agreed to
7  Mr. Brown's withdrawal and executed a Substitution of Attorney form, indicating that Deans
8  will proceed in this litigation on a *pro se* basis.  (Brown Decl., Ex. A).  This court will use the
9  contact information listed for plaintiff on that form.

10 Inasmuch as he is representing himself, plaintiff is reminded that he retains all the
11 obligations of a litigant and must (a) timely file papers with the court, (b) meet court-ordered
12 deadlines, and (c) make scheduled court appearances.  The fact that plaintiff is representing
13 himself does not absolve him of the responsibility to diligently prosecute his case and to adhere
14 to rules that all litigants are required to follow.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.
15 1987) (finding that pro per litigants must follow the same procedural rules as represented
16 parties).

17 SO ORDERED.
18 Dated:   June 14, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

2

United States District Court
For the Northern District of California

1  5:11-cv-00750-HRL Notice has been electronically mailed to:

2  Clyde A. Thompson    cthompson@htalaw.com, ldobbins@htalaw.com

3  Rebecca S. Widen     rwiden@htalaw.com, ldobbins@htalaw.com

4  Stuart Colin Brown    colinbrownlaw@gmail.com

5  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

6

7  5:11-cv-00750-HRL Notice mailed to

8  Arthur Deans
   833 Front Street #236
9  Santa Cruz, CA 95060

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28